NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1254n.06

No. 11-4334

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 06, 2012*

LEONARD GREEN, Clerk

MARIE CLAIRE MUKESHIMANA,     )
    )
    Petitioner,     )
    )
v.     )     ON PETITION FOR REVIEW
    )     FROM THE UNITED STATES
ERIC H. HOLDER, JR., Attorney General,     )     BOARD OF IMMIGRATION
    )     APPEALS
    Respondent.     )
    )

BEFORE:  MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  Marie Claire Mukeshimana, a native and citizen of Rwanda, petitions for review of an order from the Board of Immigration Appeals dismissing her appeal of the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.  She also is appealing the denial of her motion to remand.

In October 2009, Mukeshimana, a Hutu, received a summons to appear as a suspect before the Gacaca, a community-based court for the prosecution of crimes arising out of the 1994 Rwandan genocide.  Mukeshimana did not appear at the Gacaca hearing.  Mukeshimana subsequently learned that she had been convicted in absentia of taking a student from a Catholic school which ultimately resulted in the student's murder.  The Gacaca sentenced Mukeshimana to nineteen years of

_____

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

imprisonment. On November 3, 2009, Mukeshimana fled Rwanda, going first to Burundi, and then

to Kenya. Mukeshimana left Kenya for the United States in June 2010.

Upon her arrival in the United States, Mukeshimana initially told an immigration officer that

she was visiting a relative, but then she expressed her fear of returning to Rwanda because of the

criminal charges against her. Mukeshimana stated that she came "here to find a lawyer to explain

[her] case." The immigration officer determined that Mukeshimana was inadmissible to the United

States, and she was detained. An asylum officer conducted a credible fear interview, found that

Mukeshimana had established a credible fear of persecution, and referred the case to the immigration

court.

The Department of Homeland Security served Mukeshimana with a notice to appear,

charging her with removability as an alien who, at the time of application for admission, was not in

possession of a valid entry document. 8 U.S.C. § 1182(a)(7)(A)(i)(I). Before an immigration judge

(IJ), Mukeshimana admitted the factual allegations contained in the notice to appear and conceded

removability as charged. Mukeshimana filed applications for asylum, withholding of removal, and

protection under the Convention Against Torture. Mukeshimana asserted that she and her family

are Hutus and had been falsely accused by Tutsis of participating in the genocide.

After a three-day hearing, the IJ issued a written decision denying Mukeshimana's

applications for relief and ordering her removal to Rwanda. The IJ found that Mukeshimana was

not credible based on the inconsistent and incredible statements in her testimony and supporting

documents, as well as her demeanor and lack of responsiveness. The IJ went on to find that

Mukeshimana's applications were subject to mandatory denial because she assisted or otherwise

participated in the persecution of another person based on ethnicity and because there were serious reasons to believe that she committed a serious nonpolitical crime outside the United States. According to the IJ, even if the persecutor and serious nonpolitical crime bars did not apply, Mukeshimana was not entitled to asylum because she failed to demonstrate past persecution or a well-founded fear of future persecution. The IJ stated that Mukeshimana could not meet the higher burden for withholding of removal and she failed to prove that it is more likely than not that she would be tortured if she returned to Rwanda.

In her appeal to the Board, Mukeshimana did not challenge the IJ's denial of her application for protection under the Convention Against Torture, which the Board deemed to be waived. The Board found no clear error in the IJ's adverse credibility determination. The Board also affirmed the IJ's determination that Mukeshimana was ineligible for asylum and withholding of removal based on the persecutor and serious nonpolitical crime bars. Mukeshimana filed a motion to remand the case based on ineffective assistance of counsel. The Board denied the motion for failure to demonstrate prejudice.

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review factual findings, including an adverse credibility finding, under the substantial evidence standard, upholding the agency's determination "as long as it is supported by reasonable, substantial, and probative evidence on the record as a whole." *Parlak v. Holder*, 578 F.3d 457, 462 (6th Cir. 2009)

(internal quotation marks and citation omitted); *see also Abdulahad v. Holder*, 581 F.3d 290, 294 (6th Cir. 2009).

Mukeshimana contends that, to support an adverse credibility determination, inconsistencies "must significantly enhance the asylum claim" and that the IJ and Board erred in applying that standard. Mukeshimana filed her applications for relief after the enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), which allows an adverse credibility determination to be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009). Mukeshimana further argues that the IJ and Board perceived inconsistencies based on her "inability to precisely and concisely express her testimony" and that "debates over semantics" constitute an improper basis for an adverse credibility determination. The REAL ID Act, however, allows the trier of fact to base an adverse credibility determination on the "totality of the circumstances," including "the demeanor, candor, or responsiveness of the applicant." 8 U.S.C. § 1158(b)(1)(B)(iii).

Mukeshimana challenges the finding that she testified inconsistently about whether her mother held a leadership role in the National Republican Movement for Democracy and Development (MRND). Mukeshimana originally testified that her mother served as the MRND's vice president for the sector and distributed party membership cards. Mukeshimana later asserted that her mother never had a leadership role in the MRND and never had the authority to issue membership cards. Mukeshimana now contends that she did not testify inconsistently, asserting that she testified, in the context of the accusations made against her mother, that she never accused her

mother of being a vice president during the genocide in 1994. Contrary to Mukeshimana's argument, the record reflects a flat denial. Mukeshimana fails to challenge any other inconsistency or implausibility found by the IJ and Board. The numerous inconsistencies and implausibilities in Mukeshimana's testimony and supporting documents are established by the record and provide substantial evidence to support the adverse credibility determination.

The Board affirmed the IJ's determination that Mukeshimana's applications for relief were subject to mandatory denial because she assisted or otherwise participated in the persecution of another person based on ethnicity and because there were reasons to believe that she committed a serious nonpolitical crime outside the United States. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), (iii), 1231(b)(3)(B)(i), (iii); 8 C.F.R. § 1208.13(c)(1). Mukeshimana was convicted in Rwanda of a category two genocide crime (the kidnapping of a Tutsi boy resulting in his murder) and sentenced to nineteen years in prison. Because there was evidence indicating that grounds existed for a mandatory denial, Mukeshimana had the burden of proving by a preponderance of the evidence that such grounds did not apply. *See* 8 C.F.R. §§ 1208.16(d)(2), 1240.8(d); *see also Diaz-Zanatta v. Holder*, 558 F.3d 450, 458 (6th Cir. 2009).

Mukeshimana does not argue that the offense for which she was convicted constitutes persecution or a serious nonpolitical crime. Instead, Mukeshimana argues that the IJ and Board ignored her testimony that she was not involved in the kidnapping and killing of the Tutsi boy. Mukeshimana states that she never left her mother's house during the genocide. The IJ and Board found that Mukeshimana's testimony lacked credibility. Mukeshimana also contends that the IJ and Board relied on circumstantial evidence from the prosecutor's file, rather than records from the

Gacaca. Mukeshimana further asserts that her conviction in absentia lacked due process. However, Mukeshimana received notice of the Gacaca hearing and provided varying reasons for her failure to appear. Mukeshimana further asserts that she was unable to file a timely appeal because she was unaware of her conviction until 2010. This position contradicts her testimony that she heard "rumors" shortly after the judgment and her letter dated November 11, 2009, in which she requested review of her case. Mukeshimana has failed to prove by a preponderance of the evidence that the persecutor and serious nonpolitical crime bars did not apply to her.

Mukeshimana contends that she has a well-founded fear of future persecution. However, the Board properly declined to reach this argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We review Mukeshimana's ineffective assistance of counsel claim de novo. *Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005). An alien claiming ineffective assistance of counsel must demonstrate: (1) compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and (2) prejudice resulting from counsel's actions or inactions. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). Mukeshimana asserts that her counsel failed to access or obtain corroborating documents that she brought with her to the United States and were in storage at the Calhoun County Jail. In response to this allegation, counsel said that the government made copies of Mukeshimana's documents when she was arrested and provided them to counsel. Mukeshimana fails to specify what corroborating documents counsel failed to access or obtain. She also fails to explain how these documents would have resulted in a different outcome.

No. 11-4334
*Mukeshimana v. Holder*

Mukeshimana claims that she made her counsel aware of several issues with the interpreter, but counsel failed to inform the IJ of these issues to allow her to clarify her testimony. Mukeshimana fails to identify any specific interpretation problems, or explain their impact on the proceeding. Because Mukeshimana has failed to demonstrate prejudice, the Board properly denied her motion to remand.

The petition for review is denied.